Lawrence M. Otter
Attorney At Law
P.O. Box 2131
Doylestown, PA 18901
(267) 261-2948
*Attorney for Plaintiff*

Richard L. Bolton
Boardman & Clark, LLP
1 South Pinckney Street
Fourth Floor
P.O. Box 927
Madison, WI 53701-0927
*Of Counsel for Plaintiff*

Jonathan F. Bloom
Karl S. Myers *(Of Counsel)*
Ian M. Long *(Of Counsel)*
STRADLEY RONON STEVENS
& YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
(215) 564-8000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 1:12-cv-00536-CCC |
| v. | : : | (Conner, J.) |
| REP. RICK SACCONE, CLANCY MYER, and ANTHONY FRANK BARBUSH, | : : : : : | |
| Defendants. | : | |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements in Local Rule 16.3, and with the Court's Order dated April 9, 2012, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

1.1   Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

**The Plaintiffs allege that Defendants violated the Establishment Clause of the First Amendment to the United States Constitution and Article 1, Section 3 of the Pennsylvania Constitution, as a result of their actions and involvement in the promotion and publication of a resolution declaring 2012 to be the "Year of the Bible" in Pennsylvania.**

By defendant(s):

**The Complaint is comprised of a single claim against Defendants pursuant to 42 U.S.C. § 1983 for an alleged violation of Plaintiff's constitutional rights under the Establishment Clause and Article 1, Section 3 of the Pennsylvania Constitution.  This claim is based on the fact that, in January of this year, the Pennsylvania House of Representatives unanimously passed a Resolution declaring 2012 to be the "Year of the Bible" in Pennsylvania.  Plaintiff's claim lacks merit, and the Complaint must be dismissed, because, among other reasons, Plaintiff cannot establish standing and its claim is barred by immunity doctrines.**

1.2   The facts the parties <u>dispute</u> are as follows:

**There are no relevant facts in dispute at this time.  Any denials or admissions of Plaintiff's allegations will be set forth in Defendants' Answer, if any.**

<u>agree</u> upon are as follows:

1.3   The legal issues the parties <u>dispute</u> are as follows:

**Whether Plaintiff has stated a claim upon which relief can be granted.**

**Whether Plaintiff has standing to sue.**

**Whether Plaintiff's claims are barred by immunity doctrines.**

**Whether Defendants' actions violated Plaintiff's federal and/or state constitutional rights.**

**Whether, if the Court rules in favor of the Plaintiffs, the Plaintiffs are entitled to recover their attorneys' fees pursuant to 42 U.S.C. § 1988.**

**Whether, if the Court dismisses the Complaint, Defendants are entitled to recover their attorneys' fees pursuant to 42 U.S.C. § 1988.**

agree upon are as follows:

**None.**

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**The Defendants allege that the Plaintiffs lack standing and that Defendants are immune from suit, and that the Court therefore lacks subject matter jurisdiction over this action.**

1.5   Identify any named parties that have not yet been served:

**None.**

1.6   Identify any additional parties that:

plaintiff(s) intend to join:

**None.**

defendant(s) intends to join:

**None.**

1.7   Identify any additional claims that:

plaintiff(s) intend to add:

**None.**

defendant(s) intends to add:

**Defendants reserve the right to seek recovery of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.**

## 2.0 Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiffs:

| Name | Title/Position |
|---|---|
| **Rick Saccone** | **Representative, Pennsylvania House of Representatives** |
| **Clancy Myer** | **Parlimentarian, Pennsylvania House of Representatives** |
| **Anthony Frank Barbush** | **Chief Clerk, Pennsylvania House of Representatives** |

Disclosed by Defendants:

| Name | Title/Position |
|---|---|
| **None** | **None** |

## 3.0 Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| 12(b)(6) | Defendants | On or before May 25, 2012 |

**4.0   Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

        **None pending scheduling conference and Defendants' request to defer discovery until after Rule 12(b)(6) issues are resolved.**

        By defendant(s):

        **None.**

    4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        **None.**

    4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

      **Plaintiff wants to conduct discovery from the Defendant representative Saccone relating to the history of the "Year of the Bible" resolution and communications with third-parties related thereto. Defendants object to any such discovery as violative of the constitutionally-based legislative immunity privilege.**

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

      **Defendants contend that discovery sought from any legislative party acting within the legitimate legislative sphere is barred by legislative immunity privilege.**

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

      **Defendants submit that discovery is unnecessary in this case, as all of the issues can be decided on the pleadings and judicially noticeable documents as a matter of law. Plaintiff disagrees. In the event that the Court does allow for discovery, the parties agree that discovery be limited as follows:**

    4.5.1  depositions (excluding experts) to be taken by:

        plaintiff(s): **2 per side**    defendant(s): **2 per side**

    4.5.2  interrogatories to be served by:

        plaintiff(s): **10 per side**   defendant(s): **10 per side**

    4.5.3  document production requests to be served by:

        plaintiff(s): **10 per side**   defendant(s): **10 per side**

    4.5.4  requests for admission to be served by:

        plaintiff(s): 1**0 per side**   defendant(s): **10 per side**

4.6   Discovery of Electronically Stored Information

       Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.0 Protective Order

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0 Scheduling

6.1   Final date for joining additional parties:

**July 1, 2012**

6.2   Final date for amending pleadings:

**The parties will comply with the Federal Rules of Civil Procedure in regards to any proposed amendments of pleadings.**

6.3   All fact discovery commenced in time to be completed by:

**5 months after the Court's ruling on Defendant's Motion to Dismiss, or, if the Court requires a specific date, then by December 31, 2012.**

6.4   All potentially dispositive motions should be filed by:

**January 31, 2012.**

6.5     Reports from retained experts due:

from plaintiff(s) by **N/A**

from defendant(s) by **N/A**

6.6     Supplementations due  **N/A**

6.7     All expert discovery commenced in time to be completed by **N/A**

6.8     This case may be appropriate for trial in approximately:

__ 240 Days from the filing of the action in this court

**X** 365 Days from the filing of the action in this court

__ Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

**April 1, 2013** (month/year)

6.10    Trial

6.10.1   Suggested Date for Trial:

**May, 2013**    (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.
**Richard L. Bolton**
**Attorney for Plaintiffs**
**One S. Pinckney Street, 4th Floor**
**P. O. Box 927**

    **Madison, WI  53701-0927**
    **(608) 257-9521**

I hereby certify that the following individual(s) have settlement authority.
    **Jonathan F. Bloom**
    **Attorney for Defendants**
    **2005 Market Street, Suite 2600**
    **Philadelphia, PA 19103**
    **(215) 564-8000**

**8.0 Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure **N/A**

        Date ADR to be commenced  **N/A**
        Date ADR to be completed  **N/A**

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

        **N/A**

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

        **N/A**

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

___ Y **X** N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ___ Scranton/Wilkes-Barre

        ___ Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

      Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: May 10, 2012

/s/ Lawrence M. Otter

| | |
|---|---|
| Lawrence M. Otter | Richard L. Bolton |
| Attorney-at-Law | BOARDMAN & CLARK LLP |
| P.O. Box 2131 | 1 South Pinckney Street, 4th Floor |
| Doylestown, PA 18901 | Madison, WI 53701-0927 |
| (267) 261-2948 | (608) 257-9521 |
| Attorney for Plaintiffs | Of Counsel for Plaintiff |

      ✓ ECF User(s)
      __ Waiver requested (as separate document)
      __ Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: May 10, 2012

/s/ Jonathan F. Bloom

Jonathan F. Bloom
Karl S. Myers *(Of Counsel)*
Ian M. Long *(Of Counsel)*
STRADLEY RONON STEVENS
& YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
(215) 564-8000
Attorney for Defendants

      ✓ ECF User(s)
      __ Waiver requested (as separate document)
      __ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

# 1546978